McDONALD, J.,
concurring in the judgment, which BATTAGLIA, J., joins
In fantasy literature devoted to the battle between good and evil, the allegiance of elves, ores, dwarfs, and goblins is readily *484 apparent.[1] In the battle between clarity and obfuscation in legal instruments, it is sometimes uncertain which side attorneys will take. This case turns on the drafting and placement of an arbitration agreement in one of several legal documents concerning the sale of a used car.
I have attached to this opinion the “buyer’s order”[2] and Retail Installment Sales Contract (“RISC”) as they appear, somewhat enlarged, in the materials provided to this Court. The Majority opinion — a model of clarity itself — is able to navigate these documents. But a lay person interested in buying a used car would be well advised to bring along a lawyer, a magnifying glass, and perhaps an English major, to decipher their meaning.
There are significant differences between these two documents. Pertinent to this case, the buyer’s order contains fine print in which the purchasers essentially waive future access to the public justice system for any disputes arising out of the transaction in favor of an alternative dispute process.[3] The RISC does not contain such a provision. At issue is whether the terms of the RISC supersede those of the buyer’s order.
The fine print at the bottom of the buyer’s order states that “[t]he front and back of this buyer’s order, along with other documents signed by You in connection with this order, comprise the entire agreement between the parties affecting this purchase ...” The RISC contains a similar reference to “all other documents signed by you.” There is no indication in either document, nor is the record clear, as to the universe of “other documents” signed in connection with the purchase of this vehicle that are incorporated by reference. In any event, the universe of documents that comprise the transaction is *485 apparently not confined to signed documents. The bottom of the rear side of the “buyer’s order” states that “The information that you see on the window form for this vehicle is part of this contract. The information on the window form overrides any contrary provisions in the contract of sale.”[4] Similar language appears in a paragraph 5 on the reverse side of the RISC.
In an apparent effort to improve the possibility that a consumer might be aware of all of the terms affecting a purchase of a car, the Motor Vehicle Administration (“MVA”) has adopted a regulation that indisputably applies to the transaction in this case. That regulation provides:
Every vehicle sales contract or agreement shall be evidenced by an instrument in writing containing all of the agreements of the parties. It shall be signed by all of the parties before the seller delivers to the buyer the vehicle covered by the agreement.
COMAR 11.12.01.15(A) (emphasis added). The plain language of the regulation establishes what might be called a “single instrument rule” for car sales. Ms. Ford and Mr. Beale base their appeal entirely on the notion that this means a single document and that the RISC, which does not contain an arbitration provision, is that document. Antwerpen counters that the requisite instrument may be comprised of multiple documents and here includes the buyer’s order. The Majority agrees with Antwerpen and concludes that arbitration clause in the buyer’s order was not superseded by the RISC.
I agree that a single instrument may be comprised of more than one document and, on that narrow point, given the language of these documents,[5]1 join in the judgment. Wheth *486 er these documents — and whatever else was purportedly incorporated in them — actually comply with the regulation is a question for another day.
Judge BATTAGLIA has advised that she joins this opinion.
[[Image here]]
*487 INTENTIONALLY LIFT BLANK
[[Image here]]
*488 [[Image here]]
*489 intentionally left blank
[[Image here]]
*490 [[Image here]]
*491 [[Image here]]
*492 [[Image here]]
*493 [[Image here]]

. J.R.R. Tolkien, The Lord of the Rings (1949).

. The phrase "buyer’s order” is not actually the title of the document, but, as far as I can tell, appears only in the fine print at the bottom of the front page of the document.

. That provision is set out in considerably larger print and much more legible spacing in the Majority opinion. Majority op. at 473, 117 A.3d at 23.

. The window form does not appear in the record in this case.

. Had the RISC here contained the language in the RISC analyzed in the 2012 letter of the MVA’s counsel — i.e., that "[t]he terms of this contract set forth your entire and only obligation to Seller” — I would have deferred to the agency’s interpretation of its own regulation set forth in that letter and concluded that the buyers had no obligation to arbitrate the dispute.